OPINION
Defendant Copperweld Shelby Division appeals a judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of plaintiff Lester Seals, finding he has the right to participate in Workers' Compensation benefits. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. IN RENDERING ITS DECISION ON THE SUMMARY JUDGMENT MOTION, THE TRIAL COURT IMPROPERLY DENIED THE SUMMARY JUDGMENT MOTION OF COPPERWELD-SHELBY DIVISION AND FAILED TO FIND THAT THE APPLICATION FOR OCCUPATIONAL DISEASE BENEFITS, AS FILED ON NOVEMBER 9, 1994, WAS NOT WITHIN TWO (2) YEARS AFTER THE DISABILITY DUE TO THE DISEASE BEGAN AS IS MANDATED BY SECTION 4123.85 OF THE REVISED CODE.
 II. IN RENDERING ITS DECISION ON THE SUMMARY JUDGMENT MOTION, THE TRIAL COURT IMPROPERLY DENIED THE SUMMARY JUDGMENT MOTION OF COPPERWELD-SHELBY DIVISION AND FAILED TO FIND THAT THE APPELLEE'S FILING OF THE APPLICATION FOR OCCUPATIONAL DISEASE BENEFITS ON NOVEMBER 9, 1994 WAS NOT WITHIN THE SIX (6) MONTHS SAVINGS PERIOD WHICH BEGINS TO RUN ON THE DATE OF DIAGNOSIS OF THE OCCUPATIONAL DISEASE OF ASBESTOSIS, A RESTRICTIVE LUNG DISEASE, AND WHICH WAS DIAGNOSED BY DR. DENTON IN DECEMBER OF 1993.
Both of appellant's assignments of error address complimentary issues, and we will address them together for purposes of clarity. Appellant asserts in its statement pursuant to Loc. App.R. 9 that the court's judgment is contrary to law on certain undisputed facts. Appellant states the facts as follows:
Appellee has had a restrictive lung disease since 1980. He quit his employment with appellant in 1980, because of the lung disease. Appellee received medical treatment in 1986, and continuously after 1990 for his restrictive lung disease. Appellee was diagnosed with asbestosis in December of 1993 by his treating physician, Dr. Robert A. Denton. Appellee had previously been advised by legal counsel, in fall of the 1993, that he may have had asbestosis. Appellee filed his Workers' Compensation claim on November 9, 1994.
Appellant filed a motion for summary judgment, arguing appellant's Workers' Compensation claim was untimely, being outside the two year statute of limitation requirement set forth in R.C. 4321.85, and even outside the six month saving period within that provision.
The Industrial Commission originally denied appellee's claim on this basis, but later in an administrative hearing, this finding was reversed. Eventually, the Industrial Commission also found appellee had contracted asbestosis, an occupational disease, a type of restrictive lung disease, in the course of his employment with appellant, and approved appellee's claim. On appeal, the Court of Common Pleas found in favor of appellee.
Civ.R. 56(C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427, at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. This court utilizes the same standard as the trial court in reviewing a summary judgment, Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35.
This matter required the trial court to make a legal determination whether, on the undisputed facts, appellant's Workers' Compensation claim was made in a timely manner. R.C. 4123.85 states:
 In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer if he is a self-insuring employer.
Appellant's argument, simply stated, is that appellee had been ill with lung problems since at least 1980, when he retired from his employment because of breathing problems. In his application form, appellee noted his symptoms first appeared in late 1979. In 1978, appellee had been diagnosed with severe chronic obstructive and restrictive pulmonary disease. Appellee was hospitalized for his lung problems in 1986, and first saw Dr. Denton again for his lung problems. Dr. Denton diagnosed appellee with asthma in addition to his restrictive lung disease. In 1990, Dr. Denton found appellee had both obstructive lung and restrictive lung disease. Some time after 1990, appellee's restrictive lung disease became a permanent medical condition for which there was no cure.
In 1993, appellee attended an informational union meeting, wherein an attorney presented information about asbestosis. The lawyer arranged for appellee to have a chest x-ray to evaluate his lung problems, and eventually, the law firm informed appellee he had asbestosis. Appellee discussed this with Dr. Denton, and eventually, in December of 1993, Dr. Denton advised appellee of the diagnosis of asbestosis based upon reduced lung capacity.
Appellant concedes appellee has not only asbestosis, but another obstructive lung disease which is not work related, and which was diagnosed in May of 1978. Appellee argues the statute of limitations began to run in January of 1986, when appellee was hospitalized for severe restrictive lung disease. In the alternative, appellant suggests the statute began to run in 1990, when Dr. Denton examined and treated appellee for lung disease with a restrictive process.
The trial court found appellee first learned of his occupational disease of asbestosis in December of 1993, and took that date as the starting date for the running of the two year statute of limitations. Appellant maintains that appellee had been treated for this disease much earlier, and urges that at best, the six-month saving provision of R.C. 4123.85, not the two year statute of limitations, began to run when Dr. Denton made the occupational disease diagnosis, such that appellee had until June 30, 1993 to file his claim.
 In the seminal case of White v. Mayfield (1988), 37 Ohio St.3d 11, the Ohio Supreme Court held:
 Pursuant to R.C. 4123.85, disability due to an occupational disease shall be deemed to have begun on the date on which the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or the date on which claimant first received medical treatment for such disease, or the date claimant first quit work on account of such disease, which ever date is the latest.
Syllabus by the court.
In White, the Surpeme Court cautioned the six-month "diagnosis language" can only be used to lengthen, not shorten, the time for making a timely claim given the particular facts of the case, White, at 12. In White, the employee began wearing a hearing aid in 1978, and was told by his doctor his hearing loss was due to his employment. The employee waited until 1983 to file his application for Workers' Compensation. On the facts pertinent to Mr. White's case, the Supreme Court found even though the employee was aware as early as 1978, that he had an occupational disease, his claim did not mature until he became disabled because of it. The situation in the case before us is noticeably different. Here, appellee became ill in 1978 or 1979, and became disabled in 1980, at least in part, because of non-occupational causes. Appellee did not learn his medical condition was caused at least in part by a statutorially recognized occupational disease until 1993.
White sets forth three dates which normally initiate the running of the statute of limitations: the date the claimant first received medical treatment for his disease; the date the claimant first quit work because of the disease; or the date on which the claimant first became aware through medical diagnosis that he or she was suffering from the disease. We find the clear directive from White is to construe the statute of limitations as beginning to run when appellant learned he had, among his other lung problems, the occupational disease asbestosis. To hold otherwise would run contrary to the Supreme Court's directive inWhite not to utilize the six-month saving clause to shorten the statute of limitations applicable to claims.
Each of the assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.